UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID SIPPERLY<br>Plaintiff,<br><br>vs.<br><br>JOHNSON OUTDOORS INC.<br>Defendant. | : | C.A. No. CA 06 479 ML |

**COMPLAINT**

**PARTIES**

1. Plaintiff David Sipperly is a resident of the Town of South Kingstown, County of Washington, State of Rhode Island.

2. Defendant Johnson Outdoors Inc. (hereinafter "Johnson") is a Wisconsin corporation duly organized and existing under the laws of the State of Wisconsin, with its principal place of business at 555 Main Street, Racine, Wisconsin 53403.

**VENUE AND JURISDICTION**

3. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391, because plaintiff Sipperly is a citizen of the State of Rhode Island.

4. This Court has diversity jurisdiction over this Action under 28 U.S.C. § 1332 because Sipperly is a citizen of Rhode Island and Johnson is a Wisconsin corporation with its principal place of business within the Eastern District of Wisconsin.

5. The amount in controversy exceeds seventy-five thousand dollars ($75,000).

6. Johnson regularly solicited business within Rhode Island and engaged in a persistent course of conduct of advertising, distributing, retailing, and transporting certain of its products

within Rhode Island, and derived substantial revenues and benefits from doing business in Rhode Island.

## FACTS

7. Plaintiff Sipperly, a scuba diver and Captain of the U.S. Free Diving Team, was injured while diving off the coast of Newport, RI, as a result of a design defect in a 1995 Aladin Air X Nitrox dive computer.

8. Plaintiff Sipperly received treatment and care for his injuries at South County Hospital and St. Joseph's Hospital, in Rhode Island.

9. Uwatec, Inc. manufactured the 1995 Aladin Air X Nitrox dive computer. Johnson is the parent company of Uwatec, Inc.

10. Sipperly filed suit against Uwatec, Inc. and Johnson, for bodily injury resulting from the defective 1995 Aladin Air X Nitrox dive computer.

11. Johnson and Sipperly entered into an agreement entitled "Release and Settlement Agreement" ("Agreement") on February 19, 2003. (Exhibit 1).

12. The terms of the Agreement provided for an initial $750,000 payment to Sipperly, and included, as Paragraph Three (3), a "Supplemental Payment" provision which expressly provided:

> There are three lawsuits against Johnson Outdoors currently pending in the United States District Court for the Northern District of California brought by Mitch Skaggs, Rezvan Iazdi and Stuart Esposito alleging claims related to the Aladdin Air X Nitrox computer. Johnson Outdoors has been advised that a fourth such suit by Robert Raimo has been filed. If Johnson Outdoors enters in to a settlement with any of those four plaintiffs before a verdict is returned in their cases (or a court award of damages is issued if the case is not tried to a jury) which settlement includes a cash payment of more than Seven Hundred Fifty Thousand Dollars ($750,000) to any one of them, then Johnson Outdoors' attorneys shall notify either Mr. Mandell or Mr. Palermo of that settlement and Mr. Sipperly shall receive as a supplemental payment the difference between $750,000 and amount of the cash payment of that other settlement. Any such supplemental payment

> shall be made to Mr. Sipperly within 30 days of that other settlement becoming final by execution of a release by that plaintiff. So, for example, if Johnson Outdoors were to make a settlement before verdict with one of those plaintiffs for $775,000, this provision would require the payment to Mr. Sipperly of an additional $25,000. This provision does not apply to any settlements made with any of the other four plaintiffs after a verdict or court award of damages. The purpose of this provision is to ensure that Mr. Sipperly does not receive a smaller cash payment under this agreement than any of the other four receives in a pre-verdict settlement. If Johnson Outdoors were to make more than one pre-verdict settlement that exceeds $750,000 with the other four plaintiffs, Mr. Sipperly is entitled to payment under this provision of only the amount needed so that the total of all cash payments to him equals the largest amount of cash paid to any one of the other four plaintiffs. (Exhibit #1).

13. On February 7, 2005, Johnson subsequently settled a claim for $2,000,000 with one of the other plaintiffs.

14. On March 8, 2005, per the express terms of the Supplemental Payment, $1,250,000 (the difference between $2,000,000 paid to the other plaintiff and $750,000 paid to Sipperly) became due and owing to Sipperly.

15. Sipperly made timely and repeated demands to Johnson for payment of $1,250,000.

16. On November 8, 2005, Johnson made a partial supplemental payment of $225,000 to Sipperly, thereby reducing the outstanding balance to $1,025,000.

17. Thereafter, Sipperly repeatedly demanded that Johnson pay to him the outstanding balance of $1,025,000, remaining due under the Supplemental Payment provision in the Agreement.

18. Johnson refuses to pay to Sipperly the amount of $1,025,000 due to him pursuant to the Supplemental Payment provision of the Agreement.

**COUNT I**

**(Breach of Contract)**

19. Plaintiff repeats and incorporates by reference paragraphs 1 through 17 hereinabove of this Complaint as if set forth fully herein.

20. Defendant Johnson is a party to the February 2003 Release and Settlement Agreement ("Agreement"). Wade T. Neuharth, then Treasurer of Johnson Outdoors Inc., signed the agreement on February 21, 2003.

21. Paragraph Three (3) of the 2003 Release and Settlement Agreement entitled "Supplemental Payment" provides:

> There are three lawsuits against Johnson Outdoors currently pending in the United States District Court for the Northern District of California brought by Mitch Skaggs, Rezvan Iazdi and Stuart Esposito alleging claims related to the Aladdin Air X Nitrox computer. Johnson Outdoors has been advised that a fourth such suit by Robert Raimo has been filed. If Johnson Outdoors enters in to a settlement with any of those four plaintiffs before a verdict is returned in their cases (or a court award of damages is issued if the case is not tried by a jury) which settlement includes a cash payment of more than Seven Hundred and Fifty Thousand Dollars ($750,000) to any one of them, then Johnson Outdoors' attorneys shall notify either Mr. Mandell or Mr. Palermo of that settlement and Mr. Sipperly shall receive as a supplemental payment the difference between $750,000 and amount of the cash payment of that other settlement. Any such supplemental payment shall be made to Mr. Sipperly within 30 days of that other settlement becoming final by execution of a release by that plaintiff. So, for example, if Johnson Outdoors were to make a settlement before verdict with one of those plaintiffs for $775,000, this provision would require the payment to Mr. Sipperly of an additional $25,000. This provision does not apply to any settlements made with any of the other four plaintiffs after a verdict or court award of damages. The purpose of this provision is to ensure that Mr. Sipperly does not receive a smaller cash payment under this agreement than any of the other four receives in a pre-verdict settlement. If Johnson Outdoors were to make more than one pre-verdict settlement that exceeds $750,000 with the other four plaintiffs, Mr. Sipperly is entitled to payment under this provision of only the amount needed so that the total of all cash payments to him equals the largest amount of cash paid to any one of the other four plaintiffs. (Exhibit #1).

22. Per the express provisions of the Agreement, as set forth above, Johnson is legally obligated to pay to Sipperly a supplemental payment, in the amount of $1,025,000.

23. Johnson has refused to pay Sipperly the amount that it is legally obligated to pay pursuant to the Agreement. This refusal constitutes a breach of the express terms of the Agreement contract.

24. As a direct and foreseeable consequence of the breach of contract, Plaintiff has suffered damages by reason of Johnson's breach of its duties to pay amounts which Johnson is legally obligated to pay to Sipperly.

WHEREFORE, Plaintiff David Sipperly demands judgment against Defendant Johnson Outdoors Inc., in an amount sufficient to establish jurisdiction upon this Court plus prejudgment interest and postjudgment interest pursuant to 28 U.S.C.A. § 1961, and costs and whatever further relief this Honorable Court deems appropriate.

Plaintiff,

Mark S. Mandell, #0502
MANDELL, SCHWARTZ & BOISCLAIR
One Park Row
Providence, RI 02903
(401) 273-8330
(401) 751-7830 fax

Dated: October 26, 2006

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**