# RELEASE AND SETTLEMENT AGREEMENT

1. **Parties.** The parties to this agreement are David Sipperly and his attorneys, Mark Mandell and J. Rock Palermo III, and Johnson Outdoors Inc. and their attorneys Trevor Will and Matthew Monroe.

2. **Consideration.** In exchange for providing the release and the other consideration set out in this agreement, David Sipperly shall receive the following:

(a) Seven Hundred and Fifty Thousand Dollars ($750,000), which shall be paid on or before March 15, 2003;

(b) A new Air Z Nitrox dive computer in exchange for his Air X Nitrox computer, which exchange shall occur on or before March 15, 2003; and,

(c) A promise by Matthew Monroe to exercise his best efforts to assist Mr. Sipperly in securing speaking engagements concerning diving, to obtain publication of another addition of Mr. Sipperly's book on free diving, and to obtain links from other diving related web sites to any web site developed by or for Mr. Sipperly to support his speaking or publishing efforts (this provision obligates Mr. Monroe to attempt to assist Mr. Sipperly only in endeavors undertaken by Mr. Sipperly in his individual capacity and does not obligate Mr. Monroe to attempt to assist Mr. Sipperly in his capacity as an employee of Mares America or of any other person or entity).

Mr. Sipperly acknowledges the sufficiency of this consideration.

3. **Supplemental Payment.** There are three lawsuits against Johnson Outdoors currently pending in the United States District Court for the Northern District of California brought by Mitch Skaggs, Rezvan Iazdi and Stuart Esposito alleging claims related to the Aladin Air X Nitrox computer. Johnson Outdoors has been advised that a fourth such suit by Robert Raimo has been filed. If Johnson Outdoors enters in to a settlement with any of those

four plaintiffs before a verdict is returned in their cases (or a court award of damages is issued if the case is not tried to a jury) which settlement includes a cash payment of more than Seven Hundred and Fifty Thousand Dollars ($750,000) to any one of them, then Johnson Outdoors' attorneys shall notify either Mr. Mandell or Mr. Palermo of that settlement and Mr. Sipperly shall receive as a supplemental payment the difference between $750,000 and amount of the cash payment of that other settlement. Any such supplemental payment shall be made to Mr. Sipperly within 30 days of that other settlement becoming final by execution of a release by that plaintiff. So, for example, if Johnson Outdoors were to make a settlement before verdict with one of those plaintiffs for $775,000, this provision would require the payment to Mr. Sipperly of an additional $25,000. This provision does not apply to any settlements made with any of the other four plaintiffs after a verdict or court award of damages. The purpose of this provision is to ensure that Mr. Sipperly does not receive a smaller cash payment under this agreement than any of the other four receives in a pre-verdict settlement. If Johnson Outdoors were to make more than one pre-verdict settlement that exceeds $750,000 with the other four plaintiffs, Mr. Sipperly is entitled to payment under this provision of only the amount needed so that the total of all cash payments to him equals the largest amount of cash paid to any one of the other four plaintiffs.

4. **Release.** In exchange for the consideration set forth above, David Sipperly, for himself and his heirs, administrators, successors and assigns (hereinafter "Releasors") hereby releases and discharges Johnson Outdoors Inc. (formerly Johnson Worldwide Associates Inc.), Uwatec AG, Uwatec-U.S.A., Inc., the parent, subsidiary and other affiliated entities of any of them, and their distributors, dealers, insurers, predecessors, successors, assigns, officers, directors, shareholders, employees, attorneys and agents, (hereinafter "Releasees"), from any and all claims, obligations and liabilities which Releasors now have or in the future may have arising from or in any way connected with David Sipperly's purchase or use of an Aladin Air X Nitrox Dive Computer manufactured by Uwatec AG and any alleged injuries, damages or harm allegedly related thereto, including but not limited to all claims which were asserted or which

could have been asserted in the lawsuit titled *David Sipperly vs. Uwatec, Inc., Scubapro and Johnson Outdoors Inc.*, United States District Court for the Northern District of California, C.A. No. C 02-1186 WDB.

5. **Scope and Interpretation of This Release.** David Sipperly expressly acknowledges that this Release is intended both to extinguish all of the claims, obligations and liabilities described in Section 4, regardless of the legal or equitable theory under which they are asserted, and regardless of whether they are known or unknown as of the date he signs this Release, and to ensure that none of the Releasees are ever again sued by anyone for any claim in any way relating to his purchase of, use of, or alleged injury from an Aladin Air X Nitrox Dive Computer, and this Release is to be construed to accomplish this intent.

6. **Pierringer Release**. This Release benefits only the Releasees described above and is not intended to release any claim Releasors may have against any other party. With respect to any claims from which Releasees are hereby released that Releasors have asserted or may assert against any other persons or entities, Releasors hereby release, discharge, credit and fully satisfy against the total recovery from all other persons or entities that fraction or percentage of the total claim or damages which may be determined to have been caused by Releasees or any of them. David Sipperly further agrees to indemnify Releasees and hold them harmless for any claims for contribution or indemnification made by others who may be adjudged liable in any subsequent action or who may enter into a settlement with Releasors. The purpose of this credit and discharge is to enable Releasors to obtain a dismissal of any claims for contribution or indemnification brought against them by other persons or entities pursuant to the principles expressed in *Pierringer v. Hoger*, 21 Wis. 2d 182, 124 N.W. 2d 106 (1963).

7. **Indemnification of Releasees for Derivative Claims.** Releasors acknowledge that they intend that this Release will also prevent any claim or lawsuit from being brought against Releasees by a third party who asserts a derivative claim of injury to himself or herself based upon the claims which Releasors hereby release (such as, for example, a loss of

consortium claim by David Sipperly's wife), and that if this Release is ever construed as not releasing such derivative claims and if a third party ever asserts such derivative claims against any of the Releasees, David Sipperly will indemnify and hold harmless the Releasees from any and all such claims and from any and all amounts Releasees have to pay to defend against or otherwise settle or resolve such claims, including actual attorneys fees, litigation expenses, and any settlement or verdict payments.

**8. Releasors' Representations:**

Releasors acknowledge that:

(1) Releasors have had a reasonable opportunity to consult with counsel concerning this Release.

(2) Releasors recognize that due to the nature of David Sipperly's claimed injuries it is possible that in the future there may be a worsening of existing conditions and/or the appearance of injuries or conditions which have not yet manifested themselves. Releasors acknowledge that they have had a reasonable opportunity to consider whether in the future there may be new or worsening damages, injuries, claims, obligations and liabilities which presently are unknown, unforeseen or not yet in existence before entering into this Release.

(3) Because Releasees have refused to provide any consideration for this Release unless it precludes any possibility of future claims by Releasors in any way relating to David Sipperly's purchase of, use of, or alleged injury from an Aladin Air X Nitrox Dive Computer, Releasors hereby deliberately and consciously accept and assume the risk that future damages or injuries which are presently unknown, unforeseen or not yet in existence may occur and Releasors consciously intend to release and hereby release any and all claims against Releasees for any and all such future damages or injuries that actually occur.

(4) Releasors acknowledge and represent that in executing this Release they have relied solely upon their own investigations and inquiries and they have not relied upon any statements, representations, opinions, or promises by Releasees or their attorneys or agents that are not contained in this Release.

9. **Releasees' Representation.** Releasees represent that they have commenced a "standard fast-track recall" with the Consumer Product Safety Commission for the Air X Nitrox Dive Computer, 1995.

10. **Settlement Not An Admission of Liability.** Releasors further agree that this settlement is the compromise of a disputed claim against Releasees and agree that entering into this agreement and providing the consideration set forth is not to be construed as an admission of any fault or liability by Releasees with respect to any claim, obligation or liability hereby released.

11. **Dismissal of Action.** David Sipperly agrees that his attorneys shall promptly stipulate to the dismissal of the lawsuit identified in Section 4 on the merits, with prejudice and without costs or fees to any party.

12. **Payment of Mediator's Charges.** David Sipperly and/or his attorneys shall not be responsible for paying any part of the charges of Mr. Robert N. Dobbins for his services as a mediator in this matter.

13. **Payment of Liens and Claims Against Settlement Payment.** David Sipperly agrees to pay, satisfy or otherwise discharge all claims asserted by any third party for payment for or reimbursement of any goods, services, benefits, or other assistance (including, without limitation, medical charges, doctors bills, expert fees, and insurance benefit payments) provided to Releasors or paid on their behalf in connection with any claims hereby released, and David Sipperly acknowledges that he, as opposed to Releasees, shall be responsible for reimbursement of or payment to any such third party provider. David Sipperly further agrees to defend, indemnify and hold harmless Releasees from any and all claims, obligations, or liabilities which they may be required to pay to any such third party provider and from any and all expenses, including court costs and actual attorneys fees, which they may incur as a result of any claim by any such third party provider.

14. **Attorneys Liens.** David Sipperly undertakes and warrants that all claims for expenses and attorneys' fees, contingent or otherwise, allegedly owed by Releasors as a

result of this matter will be fully satisfied from the proceeds of the settlement payment, and he further agrees to indemnify and save harmless Releasees from any claims for legal fees or expenses supposedly due from or owed by Releasors in connection with this matter that may be asserted by any other lawyer or law firm.

15. **Choice of Law**. This agreement shall be governed by, construed and interpreted in accordance with, the internal laws of the State of Wisconsin, which is the state where Johnson Outdoors Inc. has its headquarters and principal place of business.

16. **Confidentiality**. As part of the consideration for this agreement, the parties to this agreement (including attorneys) jointly agree and promise that except as specifically allowed by this Section, they will not disclose or reveal the amount of the settlement, its terms and/or the consideration provided for it. Those to whom the confidential information may not be disclosed include, but are not limited to, any representative of the media, attorney John Hillsman and anyone affiliated with his law firm, any friend, relative or social acquaintance, and any other litigant (and their attorneys) asserting claims against Johnson Outdoors relating to Air X Nitrox computers. The parties further agree that in the event of any inquiries as to the status of the matter, it may be indicated that this matter "has been 'resolved' or 'settled' or 'dismissed'", but it shall not be indicated that any payment or other consideration was received. The parties also agree that the details of the settlement may be disclosed only as follows:

(a) When required by law and/or court order;

(b) When necessary to perform the terms of this agreement;

(c) As necessary in any action or proceeding to enforce or interpret this agreement or to receive its benefits;

(d) To officers, board members and employees of the parties, of their subsidiaries and affiliates, and of their insurers;

(e) To any attorneys (except John Hillsman and other counsel for litigants against Johnson Outdoors), accountants, tax advisors, insurance brokers or others with a legitimate need to know who are consulted by the parties on

a business or professional basis and who need such information in order to provide the services for which they are engaged, provided that any such advisors are informed that this information is confidential and must be so kept by them.

(f) In periodic reports and regular data compilations (such as loss runs, check ledgers and other business records) kept or prepared in the ordinary course of business by the parties, by their subsidiaries and affiliates, their attorneys or their advisors.

Any party who discloses any confidential information under these provisions shall take such steps as are reasonably available to prevent further distribution of the information (such as, for example, filing a complaint under seal) and when disclosing information to any person described in (e) shall inform that person that the information is confidential and must be so maintained.

17. **Damages for Breach of Confidentiality.** The parties expressly acknowledge that the promise of confidentiality in Section 16 is of substantial value to each of them and is an essential term of this settlement. They further agree that a breach of the confidentiality provision will cause real harm, the exact calculation of which may be difficult to measure. Therefore, they agree that should there be a breach of the confidentiality provisions of Section 15, the non-breaching party may recover from the breaching party, in addition to any other relief to which the non-breaching party may be entitled, liquidated damages of $75,000 (which represents 10% of the cash paid to Releasors under Section 2), plus actual attorneys fees and all costs and expenses incurred in any legal proceedings to recover damages under this provision. For purposes of this provision, any breach of confidentiality by a third party who was entitled to receive confidential information under the provisions of Section 16(e) is chargeable to the party who retained, hired or consulted that person and/or provided that person with the confidential information.

18. **Construction.** This agreement has been reviewed and approved by each signatory and shall not be construed against any party on the grounds that they were the drafter.

19. **Cooperation**. Releasors agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the terms and intent of this Release.

20. **Counterparts**. This Release and Settlement Agreement may be executed in counterparts without impairing its validity, force or effect.

**CAUTION: THIS AGREEMENT ELIMINATES LEGAL RIGHTS AND CREATES NEW LEGAL DUTIES! READ CAREFULLY BEFORE SIGNING!**

David V. Sipperly
David Sipperly

Subscribed to before me this
19th day of February, 2003
Kathleen A. Welley
Notary Public for the State of Rhode Island
My commission is permanent/expires 6/26/05.

Dated: Feb. 19, 2003

Mark S. Mandell
Mark S. Mandell
Mandell, Schwartz & Boisclair
One Park Row
Providence, RI 02903

Dated: Feb. 20, 2003

J. Rock Palermo III
J. Rock Palermo III
Bice & Palermo
723 Kirby Street
P.O. Box 2125
Lake Charles, LA 70602-2125

**JOHNSON OUTDOORS INC.**

By: Wade T. Neuhorth

Name: Wade T. Neuhorth

Its: Treasurer

Personally came before me this 21st day of February, 2003, the above-named Wade T Neuhorth, known to me to be the Treasurer of JOHNSON OUTDOORS INC.

[SEAL]

Marilyn J Matelski
Notary/Public for the State of Wisconsin
My commission is permanent/expires 10/10/06

Dated: February 21, 2003

Trevor J. Will
Foley & Lardner
777 East Wisconsin Avenue
Milwaukee, WI 53202

Dated: Feb 10th 2003

Matthew W. Monroe
Monroe & Shapiro
5933 West Century Blvd., Suite 800
Los Angeles, CA 90045