IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID SIPPERLY,

Plaintiff,

v.

JOHNSON OUTDOORS INC.,

Defendant.

C.A. No.: 06-479 ML

**DEFENDANT'S MOTION TO TRANSFER PLAINTIFF'S RHODE ISLAND ACTION TO WISCONSIN**

Now comes Defendant, Johnson Outdoors Inc. ("JO"), and, pursuant to 28 U.S.C. § 1404 (a), moves this Honorable Court for an order transferring this suit to the United States District Court for the District of Wisconsin where there is a pending related action[1] involving issues related to Sipperly's claim.

In support of this Motion, JO relies upon its Memorandum of Law and the supporting Affidavit of M. Catherine Reid.

---

[1] On March 31, 2005, JO filed a suit in the Eastern District of Wisconsin against USF&G and Steadfast based upon each insurer's failure to settle the claim by Sipperly out of which this suit arises. That action is styled *Johnson Outdoors, Inc. v. Steadfast Insurance Company and United States Fidelity and Guaranty Company,* U.S.D.C., E.D.Wis. No. 05-C-0264.

JOHNSON OUTDOORS INC.

By Its Attorneys,

/s/

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: January 12, 2007

Of Counsel:

David A. Gauntlett, Esq.
Eric R. Little, Esq.
M. Catherine Reid, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612
Tel. (949) 553-1010
Fax (949) 553-2050

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2007, a true copy of the within was sent, via first-class mail, postage prepaid, to the following:

Mark S. Mandell, Esq.
Mandell Schwartz Boisclair & Padwa
1 Park Row
Providence, RI 02903

/s/

Charles S. Beal

G:\csb\JohnsonOutdoor\pldgs\motransfer.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID SIPPERLY,<br>Plaintiff,<br>v.<br>JOHNSON OUTDOORS INC.,<br>Defendant. | C.A. No.: 06-479 ML |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER SIPPERLY'S RHODE ISLAND ACTION IN FAVOR OF DEFENDANT'S PENDING RELATED WISCONSIN ACTION**

## I. INTRODUCTION

### A. Sipperly's Suit Should be Transferred to the Eastern District of Wisconsin

Johnson Outdoors Inc. ("JO") filed a breach of insurance contract suit against Steadfast Insurance Company ("Steadfast") and United States Fidelity & Guaranty ("USF&G") in Wisconsin federal court in March 2005. The Wisconsin suit involves a claim by JO against its insurers for breach of insurance contracts in failing to settle the claim of Mr. Sipperly which is the basis of this action.

In this Rhode Island action, Sipperly seeks a judicial declaration that JO owes Sipperly payment based upon a settlement agreement entered into in resolution of a case Sipperly filed in the District Court for the Northern District of California. Sipperly and JO resolved the California case by way of a settlement agreement. The settlement agreement is governed by Wisconsin law. JO is incorporated in and has its principal place of business in Wisconsin. JO does not have any facilities in Rhode Island. Sipperly has previously sought a forum other than this Court

in pursuing a related claim when he filed the California case out of which this action arises. Most of the witnesses and documents necessary to defend the action are located in Wisconsin.

District courts have discretion to transfer a suit based on the convenience of the parties and witnesses. District courts are also *independently* empowered with exceedingly broad discretion to decline jurisdiction over a suit where a related action is pending in another forum. The Court should exercise its discretion to transfer Sipperly's suit to the Eastern District of Wisconsin where the related insurance coverage action is pending.

## B. Statement of Relevant Facts

### 1. The Related *USF&G* Action

On March 9, 2005, JO filed suit in the United States District Court for the Eastern District of Wisconsin against its insurers, Steadfast and USF&G. That suit is styled *Johnson Outdoors, Inc. v. Steadfast Insurance Company and United States Fidelity and Guaranty Company,* U.S.D.C., E.D.Wis. No. 05-C-0264 ("*USF&G* Action") The *USF&G* Action arises out of JO's insurers' refusal to settle Sipperly's claim for payment arising out of the settlement agreement and upon which this action is based.

The settlement agreement upon which the *USF&G* Action and this action are based was entered into in order to resolve a lawsuit filed by Sipperly in the Northern District of California. The agreement was signed in February 2003 and settled Sipperly's claims of injury arising out of a scuba diving incident in Rhode Island. Although the incident occurred in Rhode Island, Sipperly chose to file suit all the way across the country in California.

The settlement agreement explicitly provides that Wisconsin law will apply to the interpretation of the agreement and to any disputes arising out of the agreement. Generally, Wisconsin courts are more familiar with Wisconsin law and that familiarity results in better use

of judicial resources. This Court would be called upon to apply the law of an unfamiliar jurisdiction which can be avoided by ordering the case transferred to Wisconsin where a related case is pending.

#### 2. The Persons With Knowledge About the Settlement of the California Case Are in Wisconsin

The attorneys who represented JO in the California case are located in Wisconsin. All JO personnel who can testify regarding the settlement agreement are located in Wisconsin. The only witness who may testify regarding the settlement agreement not located in Wisconsin is Mr. Sipperly. Mr. Sipperly, however, has indicated a willingness to litigate in a forum other than Rhode Island. There are voluminous documents which will be critical to the defense of this suit. The documents are all located in Wisconsin.

## II. THIS COURT HAS BROAD DISCRETION TO DECLINE JURISDICTION OVER A DECLARATORY JUDGMENT SUIT, AND IT SHOULD EXERCISE THAT DISCRETION HERE BECAUSE WISCONSIN IS THE BETTER FORUM

### A. This Court Has Broad Discretion to Transfer Sipperly's Suit

The Local Rules for the District Court in Rhode Island require that every party appearing in an action file a Notice of Related Case. LR Cv 9.1. Mr. Sipperly was aware of the pending *USF&G* Action at the time he filed this case. (Affidavit of M. Catherine Reid ("Reid Aff.") ¶ 6). The purpose of the requirement to advise the Court of related cases is to ensure that cases involving the same parties or related issues are litigated in one forum. Sipperly's claim is related to the *USF&G* Action. Both suits involve the issue of payment pursuant to the settlement agreement entered into with regard to the California case. Since the *USF&G* Action has been pending in the District Court for the Eastern District of Wisconsin for close to two years, this suit should be transferred to that court.

### B. The Court Should Exercise Its Discretion to Transfer Because Wisconsin Is a More Convenient Forum

#### 1. The Three-Prong Test For Dismissal Based On Inconvenient Forum

Since the Court has broad discretion to transfer Sipperly's suit, it should exercise that discretion here because Wisconsin is the more convenient forum. In choosing between competing forums (where both are proper), the Court must look to the convenience of the parties and witnesses and the interest of justice:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The three-part test, then, considers: (1) the convenience of parties and witnesses; (2) the interest of justice; and (3) whether the competing forum is proper. The District of Rhode Island follows this rule. In *Estates of Ungar ex rel. Strachman v. Palestinian Authority*, 153 F.Supp.2d 76, 99 (D.R.I. 2001), the Court found that:

> In general, the first requirement is usually satisfied if the defendant shows that an alternative forum provides redress for the type of claims alleged in the plaintiff's complaint and that the defendant is amenable to suit in the alternative forum. *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). To satisfy the second requirement, the defendant must demonstrate that the balance of factors "relevant to the private and public interests implicated by the case strongly favors dismissal." *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).
>
> An illustrative list of considerations relevant to the private interest includes: "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 508, 67 S.Ct. 839. Factors of public interest include administrative difficulties for courts with overloaded dockets, the imposition of jury duty on a community with no connection to the underlying dispute, the "local interest in having localized controversies decided at home," and the court's familiarity with the law to be applied in the case. *Id.* at 508-509, 67 S.Ct. 839.

Here, JO satisfies the factors necessary to allow this Court to exercise it discretion to order the Rhode Island action transferred to Wisconsin where the court is familiar with the law to be applied, where the jurors have a connection to the underlying dispute because JO is a Wisconsin corporation and resident, where witnesses and documents are located and where a related case is currently pending.

**2. Transfer Is Appropriate Because the Convenience of Parties and Witnesses Heavily Favors the Wisconsin Forum**

Wisconsin is the better forum for the parties' dispute, not Rhode Island. As noted, Sipperly's suit involves the issue of payment allegedly due pursuant to a provision in a settlement agreement which payment is also at issue in the *USF&G* Action. The issues in the Rhode Island suit, then, primarily will involve the same issues that are pertinent in the *USF&G* Action. Specifically, both suits involve the question of what amount, if any, is owed to Sipperly and who should pay any amount owed.

Given these issues, the witnesses necessary for JO's defense of the Rhode Island case are primarily located in Wisconsin as that is where JO's principal place of business is. (Reid Aff. ¶ 2). There are only 2 or 3 witnesses other than Mr. Sipperly who do not reside in Wisconsin. (Reid Aff. ¶ 11). Most of the key witnesses reside in Wisconsin. (Reid Aff. ¶ 9). Moreover, Mr. Sipperly has demonstrated that he is willing to litigate suits in a forum other than Rhode Island when he so chooses, as he did in the California case out of which this suit arises.

JO's defense will be based upon the testimony of its defense counsel and employees involved in the California case. (Reid Aff. ¶ 9). These witnesses are all residents of Wisconsin. (Reid Aff. ¶ 9). Moreover, JO's defense will be based upon voluminous documents, all of which

are in Wisconsin. (Reid Aff. ¶ 10). The additional witnesses that may testify are located in jurisdictions other than Wisconsin or Rhode Island.

Even if the Court finds the convenience of the parties and witnesses are in balance between the Wisconsin forum and the Rhode Island forum the Court still has discretion to transfer the Rhode Island Action simply to avoid duplicitous litigation. *See Subaru of New England, Inc. v. Subaru of Augusta, Inc.*, 121 F.R.D. 1, 2-3 (D. Mass. 1988).

**3. Transfer Is Appropriate Because the Interest of Justice Heavily Favors the Wisconsin Forum**

The First Circuit has interpreted the "interest of justice" prong of the dismissal/transfer test (based on inconvenient forum) to include such factors as the availability of documents, the possibility of consolidation and which action was filed first, with the first-filed action generally dictating the preferred forum.

> Under § 1404(a), a district court may transfer any civil action to any other district where it may have been brought '[f]or the convenience of parties and witnesses, in the interest of justice.' 28 U.S.C. § 1404(a). In addition to the convenience of parties and witnesses, the factors to be considered by the court include the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction.

*Coady v. Ashcraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000). Here, JO indisputably filed the *USF&G* Action first. (Reid Aff. ¶ 4). That alone is sufficient for the Court to transfer the Rhode Island case even though the actions are not identical.

And the other "interest of justice" considerations also favor transfer. With respect to the availability of documents, again, all the documents related to JO's defense of the Rhode Island case are located in Wisconsin where JO and its witnesses are located. (Reid Aff. ¶ 10). Because the documents are in Wisconsin, the interest of justice favors a Wisconsin venue. The custodians

of the records are subject to business records subpoenas – and the documents are more easily and cost efficiently produced – in Wisconsin.

The interest of justice also favors the Wisconsin forum because the issues in Sipperly's Rhode Island action can be consolidated in the *USF&G* Action. The Sipperly complaint can be consolidated with the *USF&G* Action as the issues involved in both cases arise out of the settlement of the California case. Again, the interests of justice favor transfer to Wisconsin.

### 4. Transfer Is Appropriate Because Wisconsin Is a Feasible Forum

Sipperly could have filed his complaint in Wisconsin. Venue of the parties' dispute is no doubt proper there, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to Sipperly's claims occurred in that District, *inter alia*, the settlement agreement was partially negotiated there, JO is a resident of Wisconsin and the parties chose to apply Wisconsin law to any dispute involving the settlement agreement. Venue is also proper in the Eastern District of Wisconsin in that JO is a Wisconsin corporation with its principal place of business within the district making it subject to personal jurisdiction in that district. (Reid Aff. ¶ 2).

The Wisconsin District Court has subject matter jurisdiction over the Rhode Island action too, pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship among the parties and the amount in controversy well exceeds $75,000.00. (Reid Aff. ¶ 5). Finally, JO is and was subject to the personal jurisdiction of the Wisconsin Court at the time Sipperly filed his action in Rhode Island and Sipperly was aware of the *USF&G* Action. (Reid Aff. ¶¶ 2,6). No doubt, then, Sipperly could have properly filed and proceeded with the his case in the Wisconsin forum.

## III. CONCLUSION

Based on the foregoing, JO respectfully requests that this Court enter an order transferring the Sipperly to the Eastern District of Wisconsin and granting such further relief as the Court deems appropriate and just.

JOHNSON OUTDOORS INC.

By Its Attorneys,

/s/

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: January 12, 2007

Of Counsel:

David A. Gauntlett, Esq.
Eric R. Little, Esq.
M. Catherine Reid, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612
Tel. (949) 553-1010
Fax (949) 553-2050

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2007, a true copy of the within was sent, via electronic transmission, to the following:

Mark S. Mandell, Esq.
Mandell Schwartz Boisclair & Padwa
1 Park Row
Providence, RI 02903

/s/
Charles S. Beal

G:\csb\JohnsonOutdoor\pldgs\memomotransfer.doc