**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| DAVID SIPPERLY,<br>Plaintiff,<br>vs.<br>JOHNSON OUTDOORS INC.,<br>Defendant. | C.A. No.: CA 06 479 ML<br><br>**AFFIDAVIT OF M. CATHERINE REID IN SUPPORT OF JOHNSON OUTDOOR INC.'S MOTION TO TRANSFER** |

I, M. CATHERINE REID, declare:

1. I am an attorney admitted to practice in all the courts in California and in the Eastern District of Wisconsin. I am an associate in the law firm of Gauntlett & Associates, insurance coverage counsel for Johnson Outdoors Inc. I have personal knowledge of the facts set forth herein and if called upon to testify, I could and would do so competently.

2. Johnson Outdoors Inc. is a corporation organized and existing under the laws of Wisconsin with its principal place of business in Racine, Wisconsin.

3. David Sipperly initially filed suit in the Northern District of California against Johnson Outdoors seeking damages for bodily injury allegedly incurred because of a defect in a scuba diving product manufactured by a company later acquired by Johnson Outdoors. The California case settled in February 2003.

4. On March 9, 2005, Johnson Outdoors filed a complaint in the Eastern District of Wisconsin against its insurers, including United States Fidelity and Guaranty Company ("USF&G) seeking coverage for the claim for payment arising out of the Supplemental Payment Provision in the Settlement Agreement negotiated with David Sipperly in February 2003 resolving the California case. ("*USF&G* Action")

5. The amount of Mr. Sipperly's claim at issue when the *USF&G* Action was filed was $1.25 million. Since the filing of the *USF&G* Action, Johnson Outdoors' insurer, Steadfast Insurance Company, paid Mr. Sipperly $225,000. Thus, the amount at issue in this action is $1.025 million.

6. I advised counsel for Mr. Sipperly of the *USF&G* Action in March 2005 and requested his and his client's agreement to participate in mediation.

7. A mediation took place in Boston, MA on September 28, 2006. Mr. Sipperly, USF&G and Johnson Outdoors participated in the mediation. The mediation was not successful.

8. As a result of the unsuccessful mediation, Mr. Sipperly filed this action.

9. Johnson Outdoors intends to defend this action by presenting witnesses who were involved in the California case, the vast majority of whom are employees of or attorneys for

Johnson Outdoors. These witnesses reside in Wisconsin.

10. Johnson Outdoors further intends to defend this action by presenting documentary evidence. The documents are voluminous and are all located in Wisconsin.

11. There may be a few additional witnesses presented by Johnson Outdoors. These potential witnesses do not reside in Wisconsin.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of January, 2007, at Irvine, California.

M. Catherine Reid

TIFFANY A. NELSON
Commission # 1604560
Notary Public - California
Orange County
My Comm. Expires Sep 5, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2007, a true copy of the within was sent, via electronic transmission, to the following:

Mark S. Mandell, Esq.
Mandell Schwartz Boisclair & Padwa
1 Park Row
Providence, RI 02903

/s/
Charles S. Beal