IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID SIPPERLY, Plaintiff, | |
| v. | C.A. No.: 06-479 ML |
| JOHNSON OUTDOORS INC., Defendant. | |

**JOHNSON OUTDOOR INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

Defendant, Johnson Outdoors Inc., for its Answer and Affirmative Defenses to the Complaint, states the following:

**PARTIES**

1. Johnson Outdoors Inc. does not have sufficient knowledge to either admit or deny the allegation in paragraph 1.

2. Johnson Outdoors Inc. admits the allegation in paragraph 2.

3. Johnson Outdoors Inc. admits that venue may be appropriate in this Court but denies that the most appropriate venue is in this Court.

4. Johnson Outdoors Inc. admits there is diversity among the parties allowing the action to proceed in the appropriate District Court.

5. Johnson Outdoors Inc. admits the allegation in paragraph 5.

6. Johnson Outdoors Inc. admits that it has sufficient contacts with Rhode Island to be subject to personal jurisdiction. Johnson Outdoors Inc. denies the characterization of those contacts in paragraph 6.

## FACTS

7. Johnson Outdoors Inc. admits that Sipperly made a claim for injury while diving off the coast of Newport, RI resulting from an alleged design defect in a 1995 Aladin Air X Nitrox dive computer. Johnson Outdoors Inc. denies the remaining allegations in paragraph 7.

8. Johnson Outdoors Inc. admits that Sipperly received treatment for his injuries at the identified locations.

9. Johnson Outdoors Inc. admits that Uwatec AG, a Swiss company that is now an indirect subsidiary of Johnson Outdoors Inc., manufactured the 1995 Aladin Air X Nitrox dive computer and admits that Uwatec AG is an indirect subsidiary of Johnson Outdoors Inc. and denies that it was the parent company of Uwatec at the time of the manufacture of the dive computer.

10. Johnson Outdoors Inc. admits Sipperly filed suit for bodily injury but denies the computer was defective.

11. Johnson Outdoors Inc. admits the allegation in paragraph 11.

12. Johnson Outdoors Inc. admits the Release and Settlement Agreement includes the provisions identified.

13. Johnson Outdoors Inc. admits the allegation in paragraph 13.

14. Johnson Outdoors Inc. denies the allegations in paragraph 14.

15. Johnson Outdoors Inc. admits the allegation in paragraph 15.

16. Johnson Outdoors Inc. admits that a payment of $225,000 was made to Sipperly on November 8, 2005 on behalf of Johnson Outdoors Inc. by Steadfast Insurance Company.

17. Johnson Outdoors Inc. denies the allegations in paragraph 17.

18. Johnson Outdoors Inc. denies the allegations in paragraph 18.

## COUNT I

**(Breach of Contract)**

19. Johnson Outdoors Inc. incorporates by reference each and every answer set forth in the paragraphs 1 through 17 of this Answer as though restated herein.

20. Johnson Outdoors Inc. admits the allegations in paragraph 20.

21. Johnson Outdoors Inc. admits the Release and Settlement Agreement contains the quoted language.

22. Johnson Outdoors Inc. denies the allegations in paragraph 22.

23. Johnson Outdoors Inc. denies the allegations in paragraph 23.

24. Johnson Outdoors Inc. denies the allegations in paragraph 24.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

25. Johnson Outdoors Inc. is excused from performing under the terms of the Release and Settlement Agreement due to Sipperly's breach of the implied covenant of good faith and fair dealing included in every contract.

26. Sipperly and Johnson Outdoors Inc. agreed that certain investigative materials obtained on behalf of Mr. Sipperly would be provided to Johnson Outdoors Inc. for its exclusive use. Sipperly ultimately refused to cooperate with Johnson Outdoors Inc. in moving to quash a subpoena which sought production of the investigative materials, where the subpoena was issued by another party and only Sipperly had standing to seek the quashing of the subpoena.

27. Johnson Outdoors Inc.'s insurers settled with the subpoenaing party for a greater amount than received by Sipperly as a direct result of Sipperly's refusal to cooperate with Johnson Outdoors Inc. and his breach of the implied covenant of good faith and fair dealing.

28. Sipperly seeks to unjustly benefit from his breach of the implied covenant of good faith and fair dealing.

### SECOND AFFIRMATIVE DEFENSE

29. Johnson Outdoors Inc. and Sipperly agreed that the terms of the Release and Settlement Agreement would remain confidential.

30. Johnson Outdoors Inc. learned that another party gained knowledge of the terms of the Release and Settlement Agreement.

31. Upon information and belief, Sipperly violated the terms of the Release and Settlement Agreement by disclosing the confidential terms which directly resulted in Sipperly claiming a benefit due that would not have resulted but for the violation of the confidentiality provision. The liquidated damages provision in the Release and Settlement Agreement entitles Johnson Outdoors Inc. to an offset for this breach.

JOHNSON OUTDOORS INC.

By Its Attorneys,

/s/

Charles S. Beal (#5559)
Cameron & Mittleman LLP
56 Exchange Terrace
Providence, Rhode Island 02903
Tel. (401) 331-5700
Fax (401) 331-5787

Date: January 12, 2007

Of Counsel:

David A. Gauntlett, Esq.
Eric R. Little, Esq.
M. Catherine Reid, Esq.
Gauntlett & Associates
18400 Von Karman, Suite 300
Irvine, California 92612
Tel. (949) 553-1010
Fax (949) 553-2050

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January, 2007, a true copy of the within was sent, via electronic transmission, to the following:

Mark S. Mandell, Esq.
Mandell Schwartz Boisclair & Padwa
1 Park Row
Providence, RI 02903

/s/
Charles S. Beal

G:\csb\JohnsonOutdoor\pldgs\answer-final.doc