UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID SIPPERLY, Plaintiff | : | |
| vs. | : | C.A. No. 06-479 ML |
| JOHNSON OUTDOORS INC. Defendant | : | |

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER ACTION TO WISCONSIN

## INTRODUCTION

David Sipperly lives in Rhode Island, was injured in the territorial waters off the coast of Newport, Rhode Island, and subsequently executed a settlement agreement with Johnson Outdoors Inc. [Johnson] in Rhode Island. Sipperly now seeks to enforce the terms of the settlement agreement. He filed his action in this Court; Johnson has moved to transfer the case to Wisconsin. Under the law, there is a *strong* presumption favoring Sipperly's choice in bringing suit in this Court. As shown below, Johnson's motion to transfer should be denied because:

1. Johnson fails to overcome the strong presumption favoring Sipperly's choice of venue;
2. Contrary to Johnson's assertion, the "first-filed rule" does not apply here;
3. The public and private interest factors alleged by Johnson are inadequately supported; and
4. Sipperly's Rhode Island case and Johnson's Wisconsin case are not sufficiently related so as to require transfer.

Johnson's vague references to inconveniences that could arise from trial here, and the fact that it chose to sue its insurance carriers in Wisconsin over separate insurance policy disputes, do not overcome the strong presumption in favor of keeping this case here. Johnson's motion should

therefore be denied.

## BACKGROUND

In a previous suit, Rhode Island resident David Sipperly sued Johnson for injuries that he sustained as a result of a design defect in a scuba-diving product. As stated in Johnson's memorandum to this Court, Sipperly's injuries – the injuries which are the underlying and ultimate cause for these proceedings – were sustained in the territorial waters off the coast of Newport, Rhode Island. On February 19, 2003, Johnson and Sipperly entered into an agreement entitled "Release and Settlement Agreement" [Agreement]. Johnson and Sipperly were the *only* parties to the Agreement, which provided for an initial payment of $750,000 to Sipperly in settlement of his claims. Agreement, Complaint Exhibit 1 at 1. Paragraph 3 of the Agreement noted that there were at least four other plaintiffs with similar claims outstanding against Johnson and provided that, if Johnson were to settle any of their claims for more than $750,000, Johnson would pay Sipperly the difference to equal the higher settlement amount. *Id*. at 1-2. Sipperly executed the Agreement in Rhode Island.

On February 7, 2005, Johnson settled a claim for $2,000,000 with one of the other plaintiffs. On March 8, 2005, the difference between the $2,000,000 paid to the other plaintiff and the $750,000 paid to Sipperly – $1,250,000 – became due and owing to Sipperly pursuant to Paragraph 3 of the Agreement. Sipperly demanded payment of $1,250,000 from Johnson and, on November 8, 2005, Johnson made a partial payment of $225,000 to Sipperly, thereby reducing the outstanding balance to $1,025,00. Despite Sipperly's repeated demand for the payment of the outstanding amount, and after an unsuccessful mediation was held in Brockton, Massachusetts at Defendant's request, Johnson refused to pay it, necessitating the filing of this suit in 2006.

While Sipperly was attempting to get Johnson to fulfill its clear contractual obligation, Johnson filed a suit in Wisconsin against its insurance carriers, Steadfast Insurance Company and United States Fidelity and Guaranty Company. Neither of these insurance carriers were parties to the Agreement between Sipperly and Johnson. Rather, Johnson's claims against its carriers were based on its dispute over coverage (primary and umbrella) under its policies with the carriers. Sipperly was not a party to these insurance policy contracts. In fact, the second count of Johnson's Wisconsin complaint alleges that one of the carriers breached its duty to defend Johnson in its earlier action against Sipperly and another injured plaintiff. Johnson's Wisconsin complaint at 10. None of the counts allege *any* duty owed between Sipperly and Johnson's carriers – rather, Johnson's complaint is based solely on its allegation that the carriers failed to live up to their policy agreements with Johnson.

Johnson brings this motion to transfer, alleging that its Wisconsin case is "related" to this case and that Wisconsin is a more convenient forum for both to be heard together. Johnson alleges that "convenience" and the "interests of justice favor transfer to Wisconsin" because unspecified "voluminous documents" and unspecified "defense counsel and employee" witnesses will hail from Wisconsin. Johnson memorandum at 5-6, citing affidavit of M. Catherine Reid at . . 9, 10. Johnson never explained how these unspecified witnesses and documents are related to this case or to the terms within the four corners of the Agreement – the sole issue presented by this case. This action was brought to ensure that Johnson fulfills its obligations under the Agreement by paying Sipperly the money that it owes him pursuant to Paragraph 3 of the Agreement. How or from where Johnson gets this money is irrelevant to this action.

Johnson moved this Court to transfer this case to Wisconsin so that it may be heard along with its independent action against its insurance carriers. This motion should be denied because

Johnson fails to meet the required standards for transfer.

## ARGUMENT

### I. Johnson's motion should be denied because it failed to show the necessity for a change of venue by the standards recognized by this Court.

#### A. Johnson must overcome the strong presumption favoring Sipperly's choice of venue.

In its memorandum to this Court, Johnson generally describes the three-part test used by courts to determine whether a case should be transferred to another venue. Johnson memorandum at 4. However, Johnson completely neglects to discuss, or even mention, the first and foremost consideration when weighing such a request – the strong presumption in favor of the plaintiff's choice of forum that Johnson must overcome to obtain transfer:

> There is a strong presumption in favor of the plaintiff's choice of forum. *See Mercier v. Sheration Int'l, Inc.*, 935 F.2d 419, 423-24 (1st Cir. 1991). As a result, the defendant bears the burden of demonstrating both that: (1) an adequate alternate forum exists; and (2) considerations of convenience and judicial efficiency strongly favor litigating the claim in an alternative forum. *Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir. 2000).

*Estates of Ungar ex rel. Strachman v. Palestinian Authority*, 153 F.Supp.2d 76, 98 (D.R.I. 2001) (emphasis added). Here, Johnson fails to meet its heavy burden because it neither overcomes the strong presumption in favor of Sipperly's choice of venue nor shows that considerations of convenience and judicial efficiency strongly favor litigating in Wisconsin.

#### B. Contrary to Johnson's assertion, the "first-filed rule" does not apply here.

Johnson misapplies the "first-filed rule" to this case when it asserts that it "indisputably filed the [Wisconsin] action first * * * [and t]hat alone is sufficient for the Court to transfer the Rhode

Island case even though the actions are not identical." Johnson memorandum at 6 (emphasis added). However, the first-filed rule plainly has no application here. This rule prescribes:

> If two actions involving the same parties and identical issues ("mirror image" actions) are pending in different districts, whether filed in those courts originally or removed there, competing motions to dismiss or transfer to the other district frequently are made in both actions * * *. In general, under the "first-filed rule," the first-filed action will be given priority and be allowed to proceed in favor of the later action, unless convenience or other special circumstances dictate departure from the rule.

17 James Wm. Moore et al., Moore's Federal Practice . 111.13[1][o][ii][A] (3rd ed. 2006) (emphasis added). The rule has no application here because the two actions are not "mirror image" actions, nor are they even close to that. The parties are different in both cases and the issues are different in both cases – the Rhode Island case arises from Johnson's obligations under its Agreement with Sipperly, whereas the Wisconsin case deals with the obligations of Johnson's carriers to Johnson under their respective insurance policies.

In *Emissive Energy Corp. v. Armament Systems & Procedure, Inc.*, CA 03-528L, 2004 U.S.Dist. LEXIS 18437 (D.R.I. August 2, 2004) (Mag.Judge Martin), the defendant also sought to transfer a Rhode Island matter to Wisconsin. The magistrate judge's meticulous weighing of all the factors (based on his extensive survey and analysis of prevailing case law) is highly instructive here.[1] In *Emissive Energy*, this Court refused to transfer the case to Wisconsin where the two actions were not mirror-image actions because they involved different patents – just as the two cases here involve different agreements. Significantly, *unlike* this case, the parties in *Emissive Energy*

---

1. Upon information and belief, Magistrate Judge Martin's recommended ruling was adopted by the Court without further opinion. In his exhaustive opinion, the magistrate judge surveyed the recent case law on the issue currently pending before this court. The law has not changed since this 2004 ruling. The magistrate judge's ruling is extensively quoted here because Sipperly cannot improve upon this well-reasoned and heavily-cited summary of the Supreme Court and First Circuit case law on transfer of venue.

were the same in both actions. Hence, here, "there is little risk of conflict posed by allowing both cases to proceed," *Emissive Energy* at *12, because the first-filed rule has no application where the parties and the issues are different.

### C. Johnson failed to adequately support its claim for the transfer of this case to Wisconsin.

"There remains the question of whether a transfer to the Eastern District of Wisconsin * * * still is warranted under 28 U.S.C. § 1404(a) pursuant to the more standard forum selection considerations." *Emissive Energy* at *13.

> Under § 1404(a), a district court may transfer any civil action to any other district where it may have been brought "for the convenience of parties and witnesses in the interest of justice." 28 U.S.C. § 1404(a). "There is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 265-66, 70 L.Ed.2d 419 (1981); *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839 843, 91 L.Ed. 1055 (1947) ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Paradis v. Dooley*, 774 F.Supp. 79, 82 (D.R.I. 1991) (quoting *Piper Aircraft and Gulf Oil*); *Ryan, Klimek, Ryan P'ship v. Royal Ins. Co. of America*, 695 F.Supp. 644, 647 (D.R.I. 1988) (quoting *Piper Aircraft*); *Bertozzi v. King Louie International, Inc.*, 420 F.Supp. 1166, 1173 (D.R.I. 1976) (quoting *Gulf Oil*). "Further, if the plaintiff is a resident of the district where the suit is brought, the plaintiff's choice of forum is given even greater deference." [Citation omitted.]
>
> In considering a request to transfer under § 1404(a), a court may consider whether certain public and private interest factors, if applicable, weigh in favor of or against the transfer. Those factors include:
>
> (1) ease of access to sources of proof;
> (2) availability of compulsory process to compel attendance of witnesses;
> (3) cost of attendance of willing witnesses;
> (4) ease of a view of premises, if necessary;
> (5) enforceability of judgment, if obtained;
> (6) advantages and obstacles to a fair trial;
> (7) status of the court's trial calendar;
> (8) familiarity of forum with applicable state law.
>
> [Citations omitted.] The burden is on the defendant to make the showing that the balance of these factors strongly favors transfer. [Citation omitted.]

*Emissive Energy* at *13-*15 (emphasis added).[2] A review of the relevant circumstances of this case shows that Johnson has failed to meet this heavy burden.

Sipperly's choice of forum is Rhode Island and there is a strong presumption in favor of this choice because he is plaintiff. His choice is bolstered by the fact that the injuries from which the Agreement arises were sustained by Sipperly in Rhode Island. Moreover, Sipperly resides in Rhode Island and executed the Agreement in Rhode Island. Additionally, all of the conduct which allegedly constitutes the basis of Defendant's "First Affirmative Defense" occurred in Rhode Island. Accordingly, great deference is to be afforded to Sipperly's choice of this forum. Looking to the other factors usually considered by courts when resolving a transfer motion, Johnson has not shown circumstances that override the strong presumption in favor of Sipperly's choice of Rhode Island. *See Ryan, Klimek, Ryan P'ship v. Royal Ins. Co. of America*, 695 F.Supp 644, 647 (D.R.I. 1988)[3] Further, there would be great prejudice to Sipperly if the case were transferred to Wisconsin in that Sipperly would have to engage new counsel in Wisconsin and would have to travel to Wisconsin at significant expense.

To show that transfer to Wisconsin is most convenient and in the interest of justice (and presumably to overcome the great deference to be given to Sipperly's choice of Rhode Island),

---

2. Here, there are no premises to view and Johnson did not question either the enforceability of this Court's judgment or the status of the Court's trial calendar.

3. Except for errors of law, forum non conveniens determinations "may be reversed only when there has been a clear abuse of discretion." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 266 (1981). Consequently, the great majority of decisions, covering a wide assortment of circumstances on this issue, are from the various district courts. Many of the cases cited in this memorandum are therefore from this and other district courts because of their high relevance to the particular issues and circumstances before this Court. By comparison, Johnson cited two district court decisions and only one circuit court decision in support of its motion. Johnson memorandum at 4 and 6.

Johnson asserts: 1) that "[m]ost of the key witnesses reside in Wisconsin," and 2) its "defense will be based upon voluminous documents, all of which are in Wisconsin." Johnson memorandum at 5-6. The only description of these key witnesses given by Johnson is its statement that its "defense will be based upon its defense counsel and employees involved in the California case." *Id.* at 5. Johnson fails to state why these unspecified witnesses could travel to California for the initial case and not travel to Rhode Island for this case.[4] Moreover, Johnson's description of the witnesses and documents is simply too indefinite to meet its heavy burden for transfer.

> To show that the convenience of witnesses factor favors transfer, a defendant must submit "affidavits or declarations * * * to identify key witnesses and a generalized statement of their testimony." [Citations omitted.] In the absence of such information, "it is difficult to evaluate the role of these witnesses and realize the impact of a venue change on their function." [Citation omitted.]
>
> Again, Armament has argued in a largely conclusory fashion that the convenience of the witnesses factor warrants transfer. It has not submitted affidavits or declarations identifying particular key witnesses and the expected content of their testimony. In light of Armament's failure to provide specifics, the court is unable to make an informed assessment of the potential costs Armament faces to produce witnesses in Rhode Island. Further, Armament's assertion that only one witness will likely be required from Emissive but several from Armament, even if accepted as true, would not necessarily weigh heavily toward transfer. This is because, in assessing the import of the location of witnesses in the context of a motion to transfer, a court should not simply compare the numbers of witnesses residing in each district, but must also consider the content of their testimony.

*Emissive Energy* at *23-*24 (emphasis added). This ruling is on all fours here because Johnson, like Armament, does not identify key witnesses and the content of their testimony, which would have allowed this Court to weigh their import. Without this information, Johnson cannot possibly overcome the strong presumption in favor of Sipperly's choice of forum – Rhode Island.

Johnson's "voluminous documents" argument also fails to win the day because there is only

4. In the original products liability suit, Sipperly had joined other plaintiffs with similar claims against Johnson which had been brought by the other plaintiffs in California.

one essential document in this case – the Agreement between the parties – and Johnson fails to show how its "voluminous documents" relate to the Agreement. However, not only does Johnson fail to identify the documents, it also fails to state why it could not simply photocopy them:

> "[B]ecause usually many records, or copies thereof, are easily transported, their location is not entitled to great weight. This is particularly true with the development of photocopying.
>
> Further, as with witnesses, general allegations that a transfer is needed because of the location of books and records are not enough. The moving papers must show the location, difficulty of transportation and importance of the books and records."

*Emissive Energy*, at *20, quoting *American Standard, Inc. v. Bendix Corp.*, 487 F.Supp. 254, 264 (W.D. Mo. 1980). Johnson fails to show the location and importance of the documents, any difficulty of transporting, and why it could not simply copy the documents. Consequently, "the location of evidence factor does not weigh heavily in favor of transfer." *Emissive Energy*, at * 22; *also see Transatlantic Reinsurance Co. v. Continental Insurance, Co.*, NO. 03 Civ. 3227 (CBM), 2003 U.S.Dist. LEXIS 20933, at *13 (S.D.N.Y. Nov. 19, 2003) ("A defendant's assertion that documents are located in the proposed transferee forum is entitled to little weight, unless the defendant makes a detailed showing as to the burden it would incur absent transfer.").

**D. Even if Johnson's allegations were properly supported (which they are not) transfer would still be inappropriate.**

Johnson claims that transfer to Wisconsin is appropriate because "the parties chose to apply Wisconsin law to any dispute involving the settlement agreement." Johnson memorandum at 7. However, this factor is entitled to little weight in cases where "the governing law presents no complex legal questions and has not been shown to be unclear, unsettled or difficult." *National Patent Development Corp. v. American Hospital Supply Corp.*, 616 F.Supp. 114, 119 (S.D.N.Y. 1984); *also see S-Fer International Inc. v. Paladion Partners, Ltd.*, 906 F.Supp. 211, 215-16

(S.D.N.Y. 1995) ("[E]ven if California law governs this dispute, the legal issues involve relatively unexceptional questions of contract and fraud. If New York's choice of law rules provide that California law is the appropriate law to apply ***, then a New York court will be capable of applying it."). Here, Johnson fails to show that the contract issues it will raise are of any complexity or uniqueness that would require a Wisconsin court for their resolution.[5] It is also important to note that the parties did not agree, nor did Defendant even attempt to negotiate as part of the settlement release, that disputes regarding the release would be resolved in Wisconsin by a Wisconsin court.

Johnson further asserts that transfer to Wisconsin is necessary "to avoid duplicitous litigation"[6] – this is simply untrue. Johnson memorandum at 6. In fact, any overlap between the two cases is minimal and inconsequential for the purposes of this motion. Each case involves different parties and examines different agreements between those parties. In this case, Sipperly merely seeks to have Johnson abide by Paragraph 3 of the Agreement (which is solely between Sipperly and Johnson). Whereas, Johnson's Wisconsin suit against its carriers asserts claims under its policy agreement with each carrier (to which Sipperly is not a party), claiming breach of duty to

---

5. Sipperly's claim is straightforward – the enforcement of Paragraph 3 of the Agreement. Moreover, Johnson's affirmative defenses to Sipperly's complaint – breach of implied covenant and the violation of a nondisclosure clause – also do not appear to present any legally complex issues.

6. The common confusion of the terms "duplicitous" and "duplicative" has been analyzed by Bryan Garner:

> *Duplicitous* is a late 19th-century coinage generally understood to mean "deceitful." American and legal writers have latched onto the word in the sense of doubleness, from the old legal meaning of *duplicity* ( = double pleading). * * * *Duplicative* which one might have preferred in the sense given to *duplicitous*, has been adopted for other uses in the law. `[A]s between federal district courts * * * the general principle is to avoid *duplicative* litigation.' *Colorado River Water Conserv. Dist. V. U.S.*, 424 U.S. 800, 817 (1976).

BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 300 (2d ed. 1995). From this it would appear that Johnson means "duplicative." In any case, this suit and the Wisconsin suit are neither duplicitous nor duplicative.

defend, breach of duty to pay amounts that Johnson is legally obligated to pay, breach of the implied covenant of good faith and fair dealing, waiver and estoppel. The claims are separate because the parties and the agreements between those parties are different. Hence, the legal issues arising from the two cases are unique to each case and present no compelling need for transfer. Resolution of this case in Rhode Island will *not* result in "duplicitous" (or duplicative) litigation.

Finally, Johnson fails to discuss other public interest factors such as overloaded dockets. In *Emissive Energy*, the magistrate judge noted that:

> As to other public interest factors, this court's calendar is current and there exists a significant local interest in allowing a company headquartered in Rhode Island to seek recourse for alleged infringement of its patent in a Rhode Island Court. Armament does not argue that there are obstacles to its receiving a fair trial here, and the court is not aware of any.

*Id.* at *26. Likewise, here there is significant local interest in allowing a Rhode Island resident who executed an agreement in Rhode Island for injuries sustained in Rhode Island to seek recourse in Rhode Island for the breach of that agreement.

## CONCLUSION

Johnson fails to overcome the widely-recognized presumption in favor of plaintiff Sipperly's choice of forum – Rhode Island. Johnson further fails to show "duplicitous litigation" because the Wisconsin suit involves different parties disputing the separate and distinct coverage agreements between those parties. The coverage agreements between Johnson and its insurance carriers can be, and should be, decided separately from this case. Finally, Johnson's failure to supply specifics dooms any allegation of inconvenience allegedly caused by the location of "voluminous documents" or "additional witnesses." Johnson memorandum at 5-6. Johnson's motion should therefore be denied because it has not met *any* of the standards needed to overcome the *strong* presumption in favor of keeping this case in Rhode Island.

Plaintiff,
David Sipperly
By and Through His Attorneys

/s/ Mark S. Mandell
Mark S. Mandell # 0502
**MANDELL, SCHWARTZ & BOISCLAIR, LTD.**
One Park Row
Providence, Rhode Island 02903
(401) 273-8330
(401) 751-7830 – Fax

**CERTIFICATION**

On January 29, 2007, a true copy of the foregoing was electronically mailed to the Electronic Case Filing system of the United States District Court for its distribution to all counsel of record.

/s/ Mark S. Mandell_________________

Charles S. Beal, Esq.
**Cameron & Middleman LLP**
56 Exchange Terrace
Providence RI 02903

Also served on:

David A. Gauntlett, Esq.
Eric A. Little, Esq.
M. Catherine Reid, Esq.
**Gauntlett & Associates**
18400 Von Karman, Suite 300
Irvine, CA 92612